## DELAWARE COUNTY.

JANUARY TERM, 1884, No. 252.            FEBRUARY 13, 1884.

# Woodrow *v.* Blythe.

1. In an action brought in the name of the assignee of a mortgage by his administrator, described as the assignee of the mortgagee, against a *terre tenant* whose title came through a sheriff's sale upon another mortgage of the same date and recorded at the same time the mortgagee was called by the plaintiff to prove that it was a purchase-money mortgage. *Held*, that he was a competent witness.

2. The fact that the administrator in bringing his action styled himself as assignee of the mortgagee does not make the latter a party to the record.

3. It was error to reject the evidence offered as immaterial.

4. The only question necessary to be considered was whether the fact proposed to be proved was, in any aspect of the case, a competent fact, and it was quite useless to discuss the question whether that one fact alone would be sufficient to charge the *terre tenant* with notice that the mortgage was a purchase-money mortgage.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

Error to the Court of Common Pleas of *Delaware County*.

*Scire facias sur* mortgage by Isaac Woodrow, administrator of Joseph J. Taggart, assignee of Dillwyn P. Paiste and of Harrison Fairlamb, against Thomas Blythe, mortgagor, and John Spencer, *terre tenant*.

Plea, "no lien."

[Woodrow v. Blythe.]

At the trial on October 3, 1883, before CLAYTON, P. J., the following facts appeared :

By deed dated December 28, 1874, and recorded March 10, 1875, Harrison Fairlamb and wife conveyed a house and lot, situate in Chester, to Thomas Blythe for the consideration of $1,600. A receipt for this amount was annexed to the deed in the usual form. On February 26, 1875, Thomas Blythe, the grantee, executed two mortgages on the premises, one to the Mechanics' Building Association for $1,400, and one to Harrison Fairlamb for $500. Both of these mortgages were recorded on March 10, 1875, at 10, A. M.

On May 4, 1876, Harrison Fairlamb executed and delivered to Dillwyn P. Paiste an assignment of the mortgage of $500 as collateral security for a loan. On October 12, 1876, Harrison Fairlamb and Dillwyn P. Paiste executed and delivered an absolute assignment of the $500 mortgage to Joseph J. Taggart. On November 3, 1879, the Mechanics' Building Association recovered a judgment against Thomas Blythe for $1,720 in a suit upon its mortgage. On November 29, 1879, on a writ of *levari facias* issued upon this judgment, the sheriff sold the property for $50 to the building association, and subsequently executed a deed for the premises to the association. On October 20, 1882, the building association conveyed the premises to John Spencer.

On April 20, 1883, a writ of *scire facias* was issued on the $500 mortgage, wherein "Joseph J. Taggart, assignee of Dillwyn P. Paiste and Harrison Fairlamb" was plaintiff, and Thomas Blythe was defendant. To this writ the sheriff made return of *nihil habet*. On May 15, 1883, the present suit was commenced, and the sheriff again returned *nihil habet*. On June 11, 1883, judgment was entered in favor of plaintiff and against the defendant after two *nihils*. On July 2, 1883, the judgment was opened and John Spencer was permitted to come in and defend as terre tenant. On July 30, 1883, the death of the plaintiff was suggested, and Isaac Woodrow, administrator, was substituted as plaintiff.

Harrison Fairlamb was sworn, (mortgage in suit handed witness.)

Question by counsel for plaintiff : Will you please state how you came by that mortgage, and what it is for ?

The defendant's counsel objected to the competency of the witness. The objection was sustained by the Court on the ground that he could not testify at common law. Exception. (First assignment of error.)

[Woodrow *v*. Blythe.]

The plaintiff offered to prove by Harrison Fairlamb that the mortgage in suit is for part of the purchase money or consideration named in the deed from Harrison Fairlamb and wife to Thomas Blythe. The Court rejected the offer, saying "no actual notice and not enough to make the record notice to the terre tenant, he being a purchaser for a valuable consideration without notice." (Second assignment of error.)

. The Court charged the jury as follows:

"The question here is one of law. I hold the terre tenant, the present owner of the lands, being an innocent purchaser for a valuable consideration without notice, as this mortgage now sued upon was given for part purchase money, is protected by the sheriff's sale. And as there is no evidence that there was notice at the sheriff's sale, and the record is not enough, I direct you, on the issue of 'no lien,' to find your verdict for the terre tenant, John Spencer."

(Third assignment of error.)

October 3, 1883. Verdict for the terre tenant, John Spencer, on which judgment was subsequently entered.

The plaintiff, thereupon, took this writ, assigning for error the matters above stated.

*E. H. Hall* for plaintiff in error.

Fairlamb is not a party to the suit. The words "assignee of Harrison Fairlamb and Dillwyn P. Paiste" are merely descriptive. Fairlamb parted with all his interest in the mortgage by his assignment to Taggart: Steele *v*. Ins. Co., 3 Binney, 311; Roshing *v*. Chandler, 3 Barr, 375; McMurray's Appeal, 41 Leg. Intel., 35.

Parties to the record, whether the suit is within the act of 1869 or not, are not to be excluded: McClelland's Ex's *v*. West's Ex's, 20 Smith, 187; Evans *v*. Jenks Ex's, 9 W. N. C., 139; Simpson's Ex's *v*. Bovard, 24 Smith, 360.

The offer of Fairlamb's testimony was to prove that the mortgage in suit involved the further proof that the deed was not delivered until the day the mortgage was executed, which was rendered necessary to overcome the presumption of the delivery on the day of the date of the deed: Cake's Appeal, 11 Harris, 186; Parke *v*. Neely, 9 W. N. C., 193; Magaw *v*. Garrett, 1 Casey, 322; Appeal of Williamsport National Bank, 10 Norris, 167.

*J. B. Hannum* for defendant in error.

Fairlamb's testimony was properly excluded. He is without the act of 1869: Post *v*. Avery, 5 W. and S., 509;

[Woodrow *v.* Blythe.]

Cambria Iron Co. *v.* Tomb, 12 Wr., 394 ; Karns *v.* Tanner, 16 Smith, 297 ; Graves *v.* Griffin, 7 Harris, 176.

Fairlamb's testimony would have been irrelevant, and if it had been admitted, would not have affected the title of the terre tenant who had purchased the property for a valuable consideration and without notice: Hall *v.* Benner, 1 P. & W., 407 ; Cake's Appeal, 11 Harris, 186 ; Price on Liens, 240.

March 31, 1884, the opinion of the court was delivered by GREEN, J.

We think the rejection of Fairlamb as a witness cannot be sustained. He was not, nor was the plaintiff, the successor in the title of a dead assignor of a thing in action, but a living person who had made an absolute assignment of the mortgage in question several years before suit brought. There was no deceased assignor of this mortgage in the case, and hence the proviso of the act of 1869, which excludes its application where the assignor of the thing or contract in action is dead, is inoperative. As Fairlamb is not a party to the record, and has no interest in the result, and as the policy of law, which would otherwise render him incompetent, has been removed by the act, he is a competent witness. The circumstance that Taggert's administrator, in bringing his action, styles himself as assignee of Paiste and Fairlamb, does not make either of those persons parties to the record. There is no question as to the validity of the assignment from them to Taggert. The action is brought in the name of Taggert by his administrator, and this is authorized by the act of April 22, 1863: Purdon's Digest, 485 pl., 130. The reference to Paiste and Fairlamb is mere matter of description. On the question of the proof offered and rejected, it is only necessary to consider whether the fact proposed to be proved was, in any aspect of the case, a competent fact. It is quite useless to discuss the question whether that one fact alone would be sufficient to charge the purchaser at the sale under the mortgage of the Mechanics' Building Association, with notice that the Fairlamb mortgage was a purchase-money mortgage. It may well be that the bare fact of its being a purchase-money mortgage would not of itself alone prove notice to anybody. But that is no reason why the fact, when offered in proof, should be excluded. It is certainly essential to the plaintiff's case. It may be that when his testimony is all in it may not make out his case, but the Court cannot pre-determine that matter on this one offer. Whether there is

other evidence to be given we do not know, but, of course, if this fact is excluded, other evidence would be of no avail. We decide nothing more than that the offered proof was competent testimony. The final effect of the whole testimony is not before us, and cannot be now decided. The judgment is reversed on these first and second assignments.

Judgment reversed and *venire de novo* awarded.